No. 12,395.

EWING v. THE PEOPLE

(284 Pac. 341)

Decided January 20, 1930.

Messrs. McGarry & Shoup, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. E. J. Plunkett, Assistant, for the people.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

William Ewing was tried and convicted of rape in the district court of El Paso county. He is here seeking a new trial. The information charged that "William Ewing on the 7th day of July, A. D. 1928 * * * then and there being a male person over the age of 18 years on the person of one Julia Sopko, an unmarried female person and not the wife of the said William Ewing, under the age of 18 years, towit: of the age of 15 years, unlawfully and feloniously did make an assault and her, the said Julia Sopko, then and there feloniously did ravish and carnally know, * * *'', a crime commonly known as statutory rape.

The testimony discloses that Julia Sopko was an orphan, who, for some years prior to July 3, 1928, lived with her grandmother in Colorado Springs; that on said date she left her grandmother's home looking for work and on the nights of the 4th, 5th and 6th of July, she stayed at the home of a girl friend, Dorothy Young; that

on the morning of July 7th, Dorothy and Julia went to defendant's home and were engaged in cleaning, scrubbing and washing windows; that that evening both girls attended a picture show and returned to defendant's parked car; thereafter Dorothy alighted from the car near her home and Julia later went to the home of defendant and sought his permission to sleep there that night; that defendant came into the bedroom occupied by Julia and had sexual intercourse with her. The defendant admitted that he had allowed Julia to sleep in his home on that night and on the Monday following, but denied that he committed the act charged and claimed that he was impotent. The claimed fact of impotency was also testified to by Dr. McCorkle, whose testimony was contradicted in rebuttal by Dr. O. R. Gillette. Mr. Bruce, the inspector of detectives, and Mr. Hobbs, the arresting officer, both testified that the defendant had admitted to them, in the presence of each other, that "he went into the bedroom where she was; that he mussed her up, loved her up and played with her, but didn't do anything to her."

We shall consider the alleged errors as they appear in the brief of defendant.

1. It is claimed that the court erred in permitting the prosecuting attorney to ask Julia Sopko leading questions with reference to the facts surrounding the commission of the crime. The method of examining a witness is in the discretion of the trial court and this court will not reverse an action on the ground that leading questions were permitted to be asked, unless it clearly appears that defendant was thereby denied a fair trial. Julia Sopko was 14 years of age, apparently timid, embarrassed and reticent. Under these circumstances, the particular questions objected to, while leading, were not sufficiently prejudicial to warrant a reversal of this case. Especially is this true because the facts elicited by the questions were developed more minutely and unshaken on cross-examination.

■ 2. The misconduct of the trial judge is assigned as error. The witness Julia Sopko was asked:

"Q. Did he say anything about why he didn't give you the money or buy you the dress? * * *

"A. He said it about other girls, they done it and didn't have any fuss about doing it, and he said if I would do it he would give me the dress.

"Mr. McGarry: Now, if your Honor please, I ask that the answer be stricken because incompetent, irrelevant and immaterial, and for the further reason that it is highly prejudicial—

"The Court: I would think it is prejudicial, Mr. McGarry, but the objection is overruled."

Defendant claims that the trial court, by this comment, indicated his belief that the weight of this evidence was against the defendant. Assuming that the statement of the court was improper, it was not prejudicial to the rights of defendant because the court, specifically referring thereto, admonished the jurors as follows: "You will pay no attention to that remark made by the court; it is not evidence in the case and was made spontaneously without expressing any opinion as to that evidence, and you will not pay any attention to the remark made by the court."

■ 3. Misconduct of the district attorney in his opening statement and closing argument to the jury is assigned as error. The district attorney in his closing argument made several denunciatory statements concerning one who would perpetrate the crime of rape. Even if the district attorney was too vitriolic, such conduct did not constitute prejudicial error in view of the instruction given by the court that it is the duty of the jury "to consider carefully all the evidence in this case and be governed solely by it in arriving at your verdict," and further that "the opening statements and arguments of counsel are not evidence, but are made to aid you in comprehending the evidence and the application of the law thereto."

10

4. It is claimed that the evidence is insufficient to support the verdict. Julia Sopko testified that the defendant had intercourse with her when and as charged in the complaint. She being 14 years of age at the time, her consent to the act was immaterial. Her testimony was corroborated by that of Inspector of Detectives Bruce and Patrolman Hobbs. The defendant denies the act charged and claimed impotency which was corroborated by Dr. McCorkle. The jury was properly instructed as to the law of the case and it was their duty to determine whether or not it was shown, beyond a reasonable doubt, that the defendant had committed the act charged. By their verdict, they found that he had committed the act charged, and there being sufficient evidence to support the same, the judgment of the lower court, based upon such a verdict, cannot be set aside.

Other alleged errors assigned by defendant and not herein discussed have been carefully considered. None thereof discloses any error prejudicial to the rights of defendant.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.