No. 21777.

Frank Robert Allarid *v.* The People of the State of Colorado.
(427 P.2d 696)

Decided May 15, 1967.

538

ALGEO and ZELINGER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DeRoos, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

FRANK ROBERT ALLARID was tried and convicted of the crime of unlawful possession of narcotic drugs under C.R.S. '53, 48-6-2 and 48-6-20. The plaintiff in error will

be referred to as the defendant, and the defendant in error will be referred to as the People.

Defendant was arrested on the evening of December 9, 1963 by officers from the Denver Police Department. The officers had received information from informers that defendant was engaged in traffic in narcotics, and the police department had put out a pick-up order for the arrest of the defendant. The officers saw the defendant come out of a house which they had been keeping under surveillance, and they arrested him on a public street. The house in question was not the home of the defendant. After placing defendant under arrest, the officers searched defendant and found a plastic sack in the defendant's pocket. The contents of the sack was later identified as Cannabis Sativa L. — commonly known as marijuana. The officers asked defendant if there were any more narcotics in the house from which he had come, and defendant replied that he would show them the rest. The officers then returned to the house with the defendant. The defendant used a key to enter the house and then produced more marijuana from a chest in the house and handed it to the officers. The various containers of marijuana were all introduced into evidence at defendant's trial. At no time did the police procure a warrant to arrest the defendant, or a warrant to search either the defendant or the house.

The defendant raises three alleged errors: (1) That the trial court erred in admitting testimony that the defendant had been on the police pick-up list. (2) That the trial court erred in admitting into evidence the plastic sack taken from the defendant at the time of his arrest. (3) That the trial court erred in not granting a mistrial because of prejudicial statements by the prosecuting attorney during closing argument.

I.

Defendant alleges that it was error to refuse to strike testimony by one of the arresting officers that the police department wanted to find and arrest

defendant and that it was for this reason that the officers were watching the house in question on the night of the arrest. Defendant claims that this testimony intimated to the jury that the defendant was wanted for crimes other than the one for which he was being tried. He claims that this was prejudicial since it put the defendant's character in issue when defendant had not taken the stand. We do not agree. The People are entitled to show "All facts inseparably connected to the chain of events of which the act charged in the information is a part . . . even though the full story shows the commission of other crimes." *Monge v. People*, 158 Colo. 224, 406 P.2d 674. Testimony which is explanatory of the circumstances surrounding the arrest is within permissible bounds so long as it does not reach too far afield. *Casias v. People*, 160 Colo. 152, 415 P.2d 344. The officer did not testify as to previous crimes committed by defendant, nor as to other crimes which defendant was thought to have committed. The officer only related that defendant was *wanted* by the police department, and he was — this much was permissible to show the circumstances surrounding the arrest.

II.

■■ Defendant next alleges that it was error to admit into evidence the plastic sack which was taken from defendant's person at the time of the arrest. Defendant alleges that this search was not incident to a valid arrest and that, therefore, since the police had no search warrant, the evidence was the result of an unreasonable search and seizure. The arresting officers testified that they received information from reliable informers that defendant was engaged in traffic in narcotics. The officers also testified that they had observed these informers frequenting the defendant's home, and that on the evening of the arrest, they had received additional information from a person who had given reliable information in the past that defendant was actively engaged in the narcotics business. Under

the circumstances, the police clearly had probable cause for the arrest, *Lavato v. People*, 159 Colo. 223, 411 P.2d 328; *Gonzales v. People*, 156 Colo. 252, 398 P.2d 236; *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62. The search of defendant's person was incident to a valid arrest, and the evidence seized thereon was properly admitted at trial.

III.

■■ Defendant's third allegation of error concerns allegedly prejudicial statements made by the prosecuting attorney during closing argument to the jury. The trial court sustained defendant's objection to the statements and instructed the jury that the statements were to be disregarded. The trial court then denied defendant's motion for a mistrial. In the absence of a gross abuse of discretion, the denial of a motion for mistrial rests in the sound discretion of the trial court. *Hopper v. People*, 152 Colo. 405, 382 P.2d 540. Under the circumstances of this case, the trial court's contemporaneous instruction to the jury to disregard the statements, combined with the later instruction to the jury that the statements of court and counsel are not to be considered as evidence, precluded any prejudice to the defendant by reason of the improper argument. See, *Rosier v. People*, 126 Colo. 82, 247 P.2d 448; *Ewing v. People*, 87 Colo. 6, 284 P. 341. The trial court did not abuse its discretion in denying a mistrial.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS not participating.