Albert MARES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9347.

United States Court of Appeals Tenth Circuit.

Aug. 15, 1967.

Rehearing Denied Sept. 1, 1967.

Eugene Deikman, Denver, Colo., for appellant.

Richard T. Spriggs, Asst. U. S. Atty., (Lawrence M. Henry, U. S. Atty. for the District of Colorado, on the brief), for appellee.

Before LEWIS, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal is a companion to that of Arthur Mares in No. 9346, 383 F.2d 805.

On his separate trial Albert was found guilty by a jury of the armed robbery of a federally insured savings and loan association.

Albert objects to the overruling of his challenge for cause directed against juror Nusbaum. The situation is this. The trial of Arthur was concluded on September 26 with a verdict of guilty. The trial of Albert began on September 29. At the start of Albert's trial, his counsel directed the attention of the court to the newspaper article mentioned in our opinion in Arthur's case and also a September 27 article in the Denver Post reporting the outcome of Arthur's trial. The trial court examined the prospective jurors with great care. Two jurors who had seen the articles were excused for cause. A third juror, Mrs. Nusbaum, said that she had seen the article in the Denver Post but had only skimmed it and remembered only the name of the trial judge. Her lucid replies to the searching questions of the trial court convinced it that she would be a fair juror and it overruled the objection for cause. We recently reviewed a more pervasive claim of juror prejudice in Welch v. United States, 10 Cir., 371 F.2d 287, 292, cert. denied 385 U.S. 957, 87 S.Ct. 395, 17 L. Ed.2d 303, and said that "the record reveals a voir dire completely satisfying the standards set by the Supreme Court." The same statement applies here. See Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751, and Beck v. Washington, 369 U.S. 541, 557–558, 82 S.Ct. 955, 8 L.Ed.2d 98. At the most, we have a showing of a possibility of prejudice and that is not enough.[1] In our opinion the trial court did not abuse its discretion in denying the challenge against Mrs. Nusbaum.[2] In any event the defense used its third peremptory challenge to excuse Mrs. Nusbaum. No showing is made that the jury which actually tried the case was anything but fair and impartial.

1. Latham v. Crouse, 10 Cir., 330 F.2d 865, 868, cert. denied 379 U.S. 866, 85 S.Ct. 134, 13 L.Ed.2d 69.

2. See Maguire v. United States, 10 Cir., 358 F.2d 442, 444, cert. denied Giles v. United States, 385 U.S. 870, 87 S.Ct. 138, 17 L.Ed.2d 97.

The evidence against Albert was substantially the same as that against Arthur. We have held in Arthur's case that it was sufficient to sustain the conviction. The same is true in this case against Albert.

Objections are made to the receipt of evidence of acts and statements of Arthur after the robbery. These all occurred shortly after the robbery and before the arrest of either the defendant or Arthur. The statements were spontaneous rather than narrative. In Arthur's case we held that acts and statements of Albert were admissible. For the same reasons the acts and statements of Arthur were admissible in Albert's trial.

Albert claims error in the admission of evidence that he and Arthur were present when another man a few days before the robbery purchased from a Denver pawnbroker a nickel-plated revolver of the type used in the robbery. We believe the evidence was relevant and properly received.

Objection is made to the evidence relating to defendant's income tax refund. Arthur's statement about the source of the cash which he used to pay the repair bill on Albert's car and which he displayed at the garage was admissible against Albert because it was a statement of a co-conspirator made before the end of the conspiracy. The government was entitled to prove the falsity of the statement and, as noted in Arthur's case, no violation of 26 U.S.C. § 7213(a) (1) occurred.

Defendant says he is entitled to a new trial because of newly discovered evidence. This pertains to the time when the witness Boswell identified a picture of a man as that of Albert and said that she had seen the man in the vicinity of the savings and loan association sometime before the robbery. She had testified that the picture was shown her early in the afternoon of the robbery. The alleged new evidence was that the exhibition of the picture had occurred late in the afternoon. The new evidence would have been only cumulative of other impeaching evidence. In our opinion it was not of such a nature that upon a new trial a different result would probably be reached. The trial court did not abuse its discretion in denying the motion for a new trial.[3]

Defendant asserts that the trial court erred in receiving testimony of an F.B.I. agent regarding a false alibi which he had given. The argument is that the use of the statements of the accused violated Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The facts are that F.B.I. agents talked to Albert on April 5 and 6 and Albert gave a false account of his movements on the day of the robbery. A hearing was held out of the presence of the jury on the admissibility of this evidence. The agents testified that they gave Albert full and complete warnings of his rights. Testifying in support of his motion[4] the defendant admitted full knowledge of his rights and showed familiarity with criminal investigations and procedures gained from previous felony convictions. The defendant was not arrested on the days in question. We are convinced that the trial court was correct in holding that the statements were voluntary and admissible. Escobedo does not apply because at the time the statements were made the F.B.I. was engaged in a general investigation which had not centered on the defendant. Miranda is inapplicable because the defendant was not under arrest and was free to continue the interviews or leave as he saw fit.

Affirmed.

---

3. See Robinson v. United States, 10 Cir., 345 F.2d 1007, 1011, cert. denied 382 U. S. 839, 86 S.Ct. 87, 15 L.Ed.2d 81.

4. The defendant did not otherwise take the stand in his own behalf.