Arthur MARES, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9933.

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1968.

Rehearing Denied Dec. 12, 1968.

Certiorari Denied April 7, 1969.   See
89 S.Ct. 1314.

Eugene Deikman, Denver, Colo., for appellant.

Richard T. Spriggs, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is an appeal from a second jury trial granted appellant, see Mares v. United States, 383 F.2d 805 (10th Cir. 1967). Upon retrial the appellant, Arthur Mares, was found guilty of violating 18 U.S.C. § 2113(a) and (d).

The evidence was entirely circumstantial and is summarized in the first trial court's opinion denying motions for new trial.[1] The second trial was granted because of a potentially prejudicial newspaper story published during the first trial. Appellant now claims the evidence was insufficient to sustain a guilty verdict.

■ This court has established a standard for review of this kind of claim.

"We view such evidence only to determine whether, believing the Government's proof and disbelieving the defendant's countervailing proof, the jury was justified in finding beyond a reasonable doubt that the defendant was guilty of the offense charged." Reed v. United States, 377 F.2d 891, 891–892 (10th Cir. 1967) (citations omitted).

The evidence meticulously traced the whereabouts of appellant on the day of the robbery. He was identified in a contiguous area shortly after the robbery. The victims identified the shoes, ethnic origin, and approximate size of the ski-masked robbers. Partially burned knitted fabric, similar to the kind often used in ski-masks, was found in an incinerator of a relative soon after the robbery. When the appellant was interrogated the day following the robbery, he was wearing shoes similar to those worn by one of the robbers. He was without funds on the morning of the robbery, however, later that afternoon he expended considerable money to pay an automobile repair bill and made some lavish expenditures for clothes. He displayed a one hundred dollar bill to several persons on the date of the robbery; two one hundred dollar bills were taken in the course of the robbery. The volunteered explanations of the sudden wealth were proven false.

■ We conclude the jury was warranted, under our standard, to find appellant guilty beyond a reasonable doubt. This court reached the same conclusion in the previous cases. Mares v. United States, 383 F.2d 805 (10th Cir. 1967), and Mares v. United States, 383 F.2d 811 (10th Cir. 1967).

The appellant also contends that the court erred in admitting evidence, statements, and acts of others outside the time of any possible conspiracy. The evidence in question was considered in prior appeals to this court. We determined that the trial court did not err in admitting this evidence. Mares v. United States, 383 F.2d 805, 810 (10th Cir. 1967). That opinion determined that Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949), was not in point. We agree with that conclusion.

■■ Upon retrial the court struck testimony relating a telephone conversation directing the appellant's confederate to "get rid of the stuff." The reaction of the confederate, which had been admitted, was stricken; the jury was admonished to disregard the testimony. The appellant complains that the trial court's handling of this evidence was erroneous. This court has held that these kinds of procedural trial problems are properly within the discretion of the trial judge:

"Generally an error in the admission of evidence can be cured by an admonition. * * * There are however circumstances when the testimony may create such a strong impression in the minds of the jurors that they will be unable to disregard it. * * * The courts ' * * * have not categorically applied the rule to every erroneous exposure of jurors to the defendant's record or reputation.' * * * 'In-

1. United States v. Mares, 260 F.Supp. 741 (D.C.Colo.1966).

stead, it * * * wisely left the whole matter of character and record evidence to the prudent discretion of the trial court, subject, of course, to review for abuse.'" Brown v. United States, 380 F.2d 477, 479 (10th Cir. 1967) (citations omitted).

We conclude the trial court adequately protected appellant's rights.

The court admitted an exculpatory statement of appellant which was false. The statement was made to an F.B.I. agent before appellant was under arrest. Appellant contends this was error. The material facts in the instant case and the companion case of Albert Mares v. United States, 383 F.2d 811 (10 Cir. (1967), are identical. Therefore the following langauge is in point:

"Escobedo does not apply because at the time the statements were made the F.B.I. was engaged in a general investigation which had not centered on the defendant. Miranda is inapplicable because the defendant was not under arrest and was free to continue the interviews or leave as he saw fit." Id. at 813.

We permit appellant to file a supplement to his brief that calls Rosario v. People of Territory of Guam, 391 F.2d 869 (9th Cir. 1968) to the court's attention. A careful reading of Rosario distinguishes it from the case at bar. In Rosario the court said, "not only was he then deprived of his freedom of action in * * * [a] significant way, but he had also actually been taken into custoday." Id. at 871. However, as in de-

fendant's companion case quoted above, Mares v. United States, 383 F.2d 811, 813 (10th Cir. 1967), the defendant in the instant case "was not under arrest and was free to continue the interview or leave as he saw fit."

▪▪▪ Appellant moved for a mistrial contending that the evidence did not sustain a prejudicial opening statement made by the government. The law does not require that opening trial statements be completely supported by evidence introduced during the trial. Such a rule, rigidly enforced, would effectively eliminate opening remarks and deprive the jury of a very useful outline of the trial as the attorneys expect it to unfold. Opening remarks can be abused. Leonard v. United States, 277 F.2d 834 (9th Cir. 1960). Conversely, the failure to sustain all opening remarks during the trial is not automatically ground for a new trial. The decision is discretionary and is for the trial judge. Gladden v. Frazier, 388 F.2d 777 (9th Cir. 1968); Allen v. United States, 106 U.S.App.D.C. 350, 273 F.2d 85 (D.C.Cir. 1959); United States v. Smith, 253 F.2d 95 (7th Cir. 1958). Cf. Namet v. United States, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963). We do not believe the trial court abused its discretion.

Appellant contends that the indictment is duplicitous. Appellant was charged with one count of bank robbery aggravated by the use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and (d).[2] Appellant contends subsections (a) and (d) each set up a separate of-

2. 28 U.S.C. § 2113 provides: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association; or Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both. (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

fense for which separate penalties are provided.

It is evident that 18 U.S.C. § 2113(d) standing by itself does not charge a crime, without reference back to 18 U.S. C. § 2113(a) or 18 U.S.C. § 2113(b). The plain meaning of section (d) is to charge an aggravation of sections (a) and/or (b).

Because the intent of (d) is to charge an aggravation of (a) or (b), an indictment which incorporates (a) and (d) in one count is not duplicitous as this court has previously held. Peeler v. United States, 163 F.2d 823 (10th Cir. 1947); Holbrook v. Hunter, 149 F.2d 230 (10th Cir. 1945); Casebeer v. United States, 87 F.2d 668 (10th Cir. 1937). Accord, Nolen v. United States, 190 F.2d 418 (6th Cir. 1951).

Affirmed.