## No. 25084

### The People of the State of Colorado v. John James Jacobs

(499 P.2d 615)

Decided July 24, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, John James Jacobs, appeals from his conviction for burglary and theft. He will hereinafter be referred to by name or as defendant.

On the evening of June 21, 1969, several hundred suits of clothing were stolen from the premises of Burling's, Incorporated, a clothing store located in Pueblo, Colorado. On June 30, 1969, defendant, a Denver resident who frequently visited Pueblo, and several others were indicted for burglary of the clothing store with the intent to commit theft, theft, and conspiracy with intent to commit second degree burglary and theft. Following a granting of severance, defendant was tried by a jury on January 23, 1970, which returned a verdict of guilty on all three counts. A Motion for New Trial was filed on February 3, 1970, and on March 2, 1970, the trial court dismissed the conspiracy count for lack of sufficient

evidence, otherwise denying the motion for new trial.

Defendant's only contentions on appeal relate to several statements made by the prosecution during the People's opening statement at trial. Initially, in attempting to establish the presence of a conspiracy prior to the burglary, the prosecutor stated that:

"What we will try to prove in this case is simply that on or about the afternoon of June 21, 1969, that five colored persons were noted in a light colored vehicle near the premises of Burling's ... later that night, a break-in was noticed by another witness at Burling's . . . ."

A witness at the trial testified to the substance of this statement, but was unable to identify the occupants of the car. A motion to strike the testimony was granted by the trial court at the close of the People's case.

The other comment by the prosecutor in his opening statement which defendant now contests is as follows:

"We will try to prove that there was [sic] statements made by the defendant to another in Denver at a later date stating that he, the defendant, had made a hit in Pueblo the week before, placing the Defendant in Pueblo that night . . . ."

A witness subsequently called by the prosecution testified regarding a conversation with defendant in Denver a week following the burglary during which defendant offered to sell the witness a suit; upon further questioning, however, the witness refused to elaborate on the conversation. The witness did not testify to the "hit" alluded to in opening statement. After the close of the People's case, prosecution asked that the court reopen their case to allow further testimony of the recalcitrant witness on the theory that the witness, previously in fear of the defendant, would now expand his earlier remarks. The court denied the. motion.

The defendant's objections to the statements of the prosecution during opening statement were first made on the motion for a new trial; no such objection was entered when the statements were first made, at the close of the People's case, nor at the close of all the evidence. Defendant contends that the unproven remarks of the prosecution during opening

statement were so prejudicial to defendant's cause as to require reversal and new trial. We do not agree.

The People point out that a defendant's failure to object during the course of the trial to statements made by the prosecutor has consistently been construed by this Court as a waiver to any further objection as a matter of right on appeal, *Bizup v. People,* 150 Colo. 214, 371 P.2d 786; *Gray v. People,* 139 Colo. 583, 342 P.2d 627; *Webb v. People,* 97 Colo. 262, 49 P.2d 381. However, we do not consider these cases to be applicable here.

In the case at bar, strict contemporaneous objection by defense counsel following the opening statement was not possible. The purported impropriety of the statements could not have been alleged until the prosecutor had failed to support these statements during his presentation of the case. We proceed therefore to a consideration of the issue raised on its merits.

We adhere to the general rule that error cannot ordinarily be predicated upon an epening statement of the prosecuting attorney as to what he expects to prove, when, for some reason he later fails to support some part of that statement, unless the unsupported portion of this statement was made in bad faith and was manifestly prejudicial. *See* 27 A.L.R.2d 972, *et seq.*

We recognize that affirmative proof frequently fails to fulfill the expectations of counsel in opening statement. To hold that opening statements, unless completely supported by evidence adduced at trial, are reversible error as a matter of law would effectively eliminate opening remarks and deprive the jury of a very useful outline of the trial evidence as the attorneys reasonable foresee it. Thus, absent an affirmative showing of prejudice or bad faith on the part of counsel making the statement, the decision of the trial judge controlling such remarks will not ordinarily be disturbed. *See Mares v. United States,* 409 F.2d 1083 (10th Cir.). In this area each case must be examined in the light of its own circumstances.

The facts in the present case do not warrant reversal

under this standard. No evidence of bad faith on the part of the prosecutor appears in this record. In fact, evidence was offered by the prosecutor relating to both statements objected to now. Without more, the fact that part of the testimony was not fully as extensive as the corresponding opening statement, or that portions of the testimony were later stricken, does not create a presumption of bad faith in the prosecutor's presentation of his case.

 Finally, in dealing with the question of prejudicial effect of the remarks in question, the judgment of the trial judge is particularly of importance. He is in a pre-eminent position to determine the potential effects of the allegedly prejudicial statements on the jurors and thus his judgment will only be overturned upon an abuse of discretion. We do not find a compelling reason for reversal here. Moreover, to mitigate the possibility of prejudice resulting from opening statements not fully supported by evidence at trial, the trial judge submitted Instruction No. 27 to the jury, stating in part, "[I]n determining the facts, you should consider only the evidence given upon trial . . . . The opening statements and arguments of the lawyers are not evidence." Absent a contrary showing, it is presumed that the jury understood the instructions and heeded them. *Allarid v. People,* 162 Colo. 537, 427 P.2d 696; *Rhodus v. People,* 160 Colo. 407, 418 P.2d 42; *O'Loughlin v. People,* 90 Colo. 368, 10 P.2d 543.

The judgment of the trial court is affirmed.

MR. JUSTICE HODGES not participating.