## No. 26283

**The People of the State of Colorado v. Nathaniel Palmer**

(540 P.2d 341)

Decided September 22, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Appellant was convicted by a jury of second-degree forgery in violation of 1971 Perm. Supp., C.R.S. 1963, 40-5-103.[1] We find no reversible error and therefore affirm the judgment.

The People's evidence showed that appellant lived in the same apartment house as Dean Aldridge, with whom he was acquainted. During the first part of February 1973, appellant entered the Aldridge apartment. Aldridge, who was lying on his bed watching television, had left an open check folder on top of the dresser. Aldridge observed appellant, whose back was to him, doing something while facing the front of the dresser. He heard a ripping noise and asked appellant what he was doing. Appellant replied, "nothing," and hurriedly left the room, going to his apartment. Aldridge, who was partially paralyzed, followed appellant to his apartment, where appellant again denied taking anything.

The next morning, Aldridge discovered several blank checks missing from his check folder. He alerted the bank of this situation.

Thereafter, appellant presented a check to the bartender at Brothers Bar and Grill, dated February 22, 1971, payable to the order of appellant in the amount of twenty-five dollars, purportedly signed by Dean Aldridge. Appellant endorsed the check and was given twenty-five dollars in cash. Payment on the check was refused by the bank and the check was returned to Brothers Bar and Grill.

Aldridge testified that he did not write the check; that he had never signed checks in blank; and that he had never written a check in favor of appellant.

Appellant chose not to testify in his own behalf and presented two witnesses in his defense. The first witness, the bartender at Brothers Bar and Grill, testified that, although he did not see appellant fill out the check, he did see him endorse the check. The other defense witness testified concerning appellant's drinking habits.

---

[1]Now section 18-5-103, C.R.S. 1973.

## I.

Appellant's first argument for reversal is that the People failed to prove that the check fell within the scope of the forgery statute, which provides:

"(1) A person commits second degree forgery, if, with intent to defraud, he falsely makes, completes, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:

"(a) A * * * check, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status; or * * *."

It is contended that since the check bore a 1971 date and was not cashed until 1973, the time for presentment had long since passed (section 4-3-503, C.R.S. 1973) and the check could thus not evidence, create or otherwise affect a legal right, interest or obligation, within the meaning of the second-degree forgery statute.

Appellant cites no authority to sustain this proposition and we find no merit to the argument. Even if the check had in fact been written in 1971, the lack of timely presentment would not have destroyed its negotiability. The negotiability of an instrument is not affected by the fact that it is undated, antedated, or postdated. Section 4-3-114, C.R.S. 1973. In our view, the stolen check endorsed by appellant falls squarely within the terms of the statute under which he was convicted.

## II.

The second assignment of error relates to the presence of the words "signature does not agree with one on file" stamped on the face of the check when it was returned in the ordinary course of business from the bank, dishonored. It is contended that these words constituted prejudicial hearsay evidence.

Aldridge testified unequivocally that the maker's signature on the check was not his signature. This evidence was undisputed. Furthermore, the court instructed the jury to disregard the stamped notice on the check, and, indeed, defense counsel was afforded the opportunity, of which he did not take advantage, of submitting additional curative instructions. We must assume, in the absence of evidence to the contrary, that the jury followed the court's instructions. *People v. Jacobs*, 179 Colo. 182, 499 P.2d 615.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.