Clarence ROBINSON, Appellant,

v.

UNITED STATES, Appellee.

No. 8748.

District of Columbia Court of Appeals.

Argued Feb. 5, 1976.

Decided July 23, 1976.

Douglas C. Dodge, Washington, D. C., appointed by this court, for appellant. Linda Kay Davis, Washington, D. C., entered an appearance for appellant.

Roberta T. Eaton, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Henry F. Schuelke, III, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

In this appeal from a second-degree murder conviction, appellant asserts that he is entitled to a new trial because of (1) a

variance in proof from the prosecutor's opening statement; (2) a failure at pretrial discovery under Superior Court Criminal Rule 16(a) to disclose to him two oral admissions made by him to two citizens who later became government witnesses; and (3) a refusal by the trial judge to instruct on involuntary manslaughter as a lesser offense. We hold there was no error in refusing a mistrial due to the variance; that there was no error for failure of pretrial disclosure of appellant's oral statements; and that there was no evidentiary basis for an involuntary manslaughter instruction. Accordingly, the conviction is affirmed.

## I.

Appellant, an apartment house resident manager, shot and killed a tenant after a dispute over noise in the early morning hours. The tenant, his wife, and three friends had just returned from a party. Their noise awoke appellant and his wife. Appellant put on a pair of slacks and placed a loaded gun in his pocket before leaving his apartment to knock on the tenant's door. There, an argument ensued and the tenant followed the manager down a flight of stairs. During the argument, appellant was heard to say, "I have something that will put you out." The argument continued and, as the tenant turned and began to mount the stairs, appellant fired his gun at least three times, the bullets striking the tenant in the back and killing him.

■ In his opening statement, the prosecutor referred to an alleged threat made by appellant to the decedent on the day before the shooting. Subsequently, he was unable to produce such evidence. The witness to the threat was called by the defense prior to his giving testimony before the jury for a hearing to ascertain the existence of any statements producible under the Jencks Act (18 U.S.C. § 3500). During this hearing, the witness stated that although he recalled being in the decedent's presence when someone walked by and threatened him (the decedent), he could not be certain that it was appellant who had uttered the threat. The court excluded the testimony. A defense statement that it had been irreparably prejudiced by the opening statement was treated as a motion for a mistrial and denied by the court. We conclude that the trial court did not abuse its discretion.

> The law does not require that opening trial statements be completely supported by evidence introduced during the trial. Such a rule, rigidly enforced, would effectively eliminate opening remarks and deprive the jury of a very useful outline of the trial as the attorneys expect it to unfold. . . . [T]he failure to sustain all opening remarks during the trial is not automatically ground for a new trial. The decision is discretionary and is for the trial judge. . . . [*Mares v. United States,* 409 F.2d 1083, 1085 (10th Cir. 1968), *cert. denied,* 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969).]

We further conclude that any possible prejudice to the defendant was cured by the judge's instructions to the jury, in which he explicitly pointed out that the prosecutor's opening statement regarding the threat was not evidence and that the statement should be removed from their minds.

## II.

Appellant was arrested on the night of the shooting. A day later, one of the decedent's friends, who had returned with him from the party and had witnessed the shooting, was fortuitously placed in the same cellblock as appellant. Apparently, appellant did not recognize him when he (appellant) made a statement which could have been viewed as a confession. Appellant contends that he should have been furnished with a copy of the oral statement (presumably to be reduced to writing). The trial court conducted a hearing to determine whether the cellblock conversation

was admissible and thereafter denied a defense motion to suppress it. Appellant complains that the trial court did not consider his contention that this statement was discoverable under Superior Court Criminal Rule 16(a).[1] It expressly ruled that the witness was not put in the cellblock by the government for the purpose of getting appellant to make damaging statements. The ruling necessarily encompassed rejection of the Rule 16(a) point and so we treat its merits.

Appellant also contends that he should have been furnished pretrial with a copy of a statement he made to yet another man in which statement he admitted taking a gun with him up the stairs to confront the decedent. That man had testified before the grand jury as to this admission.

Faced with the necessity to recognize that Rule 16(a)—as does its counterpart in Federal Rule of Criminal Procedure 16(a)[2] —limits discovery to statements "written or recorded" made by the accused, appellant would have us expand that rule to cover these statements on the basis of reasoning found in *United States v. Lewis*, 167 U.S.App.D.C. 232, 511 F.2d 798 (1975). Whatever may be said for that reasoning, it is clear that it was applied to a case where the accused made a statement to police when arrested. One would suppose that Rule 16(a) cannot be circumvented by the expedient of the police failing to record or reduce to writing the accused's statement to them. In light of the language and purpose of Rule 16(a), and the precedent on this point,[3] we are not able to read *Lewis* as persuasive authority for holding

that these statements to citizens fall within its ambit.

■■■ We are persuaded that under Rule 16(a) discovery of statements or confessions by the accused to persons not law enforcement officers or their agents is not contemplated. The Third and Sixth Circuits have so held. *See United States v. Kenny*, 462 F.2d 1205 (3rd Cir. 1972); *United States v. Wilkerson*, 456 F.2d 57 (6th Cir. 1972). When that rule is read in conjunction with the Jencks Act (18 U.S.C. § 3500) it must be concluded that any statement or confesssion of the accused to such third persons are producible only after that person has testified on direct examination. *Id.* Therefore, it was not error to rule against appellant's complaints that pretrial discovery of his statements was defective. *See also United States v. Dioguardi*, 332 F.Supp. 7, 17 (S.L.N.Y.1971); *United States v. Dorfman*, 53 F.R.D. 477, 479 (S.D.N.Y.1971).

### III.

■■■ Appellant asserts that the trial court should have given an instruction on involuntary manslaughter in addition to the instruction given on voluntary manslaughter, and that this error requires a new trial. We cannot agree. A defendant is entitled to an instruction on a lesser included offense when there is evidence in the record to support a finding of guilt on that offense. This court has recognized two prerequisites to the granting of a request for a lesser included offense. First, there must be a relationship between the

---

1. Super.Ct.Cr.R. 16(a) provides in pertinent part:

   (a) Defendant's Statements; Reports of Examinations and Tests; Defendant's Grand Jury Testimony. Upon motion of a defendant the court may order the prosecutor to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the govern-

ment, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor . . . . .

2. This trial took place before Dec. 1, 1975, the effective date of the most recent amendment to Fed.R.Crim.P. 16.

3. *United States v. Kenny*, 462 F.2d 1205 (3d Cir. 1972); *United States v. Wilkerson*, 456 F.2d 57 (6th Cir. 1972); *United States v. Fioravanti*, 412 F.2d 407 (3d Cir. 1969).

greater offense and the lesser offense such that a lesser offense instruction would be proper. Second, there must be a sufficient evidentiary predicate to support the lesser charge. *Pendergrast v. United States,* D. C.App., 332 A.2d 919, 924 (1975). Appellant does not satisfy the second requirement. While the evidence from the defense (appellant's wife) also showed an argument over noise, we conclude that that evidence together with the decedent having been shot in the back as he started up the stairs was such as to exclude any instruction on reckless conduct unintentionally resulting in death. *See Simon v. United States,* 137 U.S.App.D.C. 308, 424 F.2d 796 (1970).

Accordingly, the conviction is

*Affirmed.*