The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Kerry WILLIS, Defendant-Appellant.

No. 84CA0779.

Colorado Court of Appeals,
Div. I.

Aug. 1, 1985.

Rehearing Denied Sept. 12, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Normando R. Pacheco, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Kerry Willis, was convicted of aggravated robbery, first degree assault, and two counts of a crime of violence for having used a screwdriver to effectuate a robbery and assault. He appeals, contending that the trial court erred in failing to dismiss the action because it failed to meet the requirements of the Uniform Mandatory Disposition of Detainers Act, § 16-14-101, et seq., C.R.S. (1978 Repl.Vol. 8) (UMDDA); in allowing an in-court identification by a witness; and in failing to grant a mistrial because of improper prosecutorial comments during closing argument. We affirm.

I.

The assault and robbery with which the defendant was charged and convicted occurred in August of 1980. In December of 1980, following a jury trial, the defendant was found guilty, but that conviction was reversed in *People v. Willis*, 667 P.2d 246 (Colo.App.1983). Following the reversal, on June 10, 1983, the defendant mailed a motion for disposition pursuant to § 16-14-102, C.R.S. (1978 Repl.Vol. 8). However, the motion was incorrectly denominated as case number 80CR1384, which case pertained to the conviction of the defendant on a separate burglary charge, instead of 80CR1685, which applied to this aggravated robbery and assault charge. The incorrect denomination occurred throughout the motion, although the correct case number was also mentioned.

On October 31, 1983, at a hearing on the defendant's motion to dismiss for failure to comply with the UMDDA, the court found that the motion applied only to the case

actually denominated, that is, the burglary. The court noted that its file on 80CR1685, the assault and robbery prosecution, revealed that the only action subsequent to the Court of Appeals' mandate was an application for a writ of certiorari. The court further noted that, because of the volume of cases that the court processes, correct assignment of cases is necessary. Therefore, because the motion was filed with the burglary case, the court found that no notice as to the assault and robbery case was received before the date of the hearing. Accordingly, the court proceeded to set a trial date within the six-months allowed by Crim.P. 48, and also noted that the defendant's request under the UMDDA would require a court date within 90-days.

The day before trial was to commence, the defendant requested a continuance. He specifically waived his speedy trial rights under both Crim.P. 48 and the UMDDA, as calculated from the date of the hearing, October 31, 1983. In reliance upon the defendant's waiver, the court reset the trial date for February 7, 1984. On February 7, the defendant requested and was granted a continuance until April 10, 1984, when a trial took place resulting in the defendant's conviction.

■ We find no violation of the defendant's right to a speedy trial. The defendant waived any objection he had to the delay of his trial when he expressly agreed with the trial court that the continuances he was requesting waived his speedy trial claims under both the UMDDA and Crim.P. 48. *People v. Mascarenas*, 666 P.2d 101 (Colo.1983); *People v. Fetty*, 650 P.2d 541 (Colo.1982).

■ The defendant also contends that the trial court erred in failing to grant a mistrial because of a witness' in-court identification of the defendant, when there had been an order suppressing her identification. However, the defendant did not object to the statement until after he had cross-examined the witness and elicited more testimony on the identification, and had also cross-examined another witness. Under these circumstances, the defendant waived any objection he had based on the suppression order, and the trial court did not abuse its discretion in denying the motion for a mistrial. *See People v. Hodge*, 694 P.2d 1277 (Colo.App.1984) (*cert. denied*, January 16, 1985.)

Finally, the defendant contends that a mistrial should have been granted because of certain statements made by the prosecutor in closing argument. We disagree.

■ The prosecutor's first comment was objected to by the defendant, sustained by the trial court, and the jury was instructed to disregard it. This remedy was well within the trial court's discretion, and vitiated any need for a mistrial. *See Allarid v. People*, 162 Colo. 537, 427 P.2d 696 (1967). Likewise, we find nothing objectionable in the prosecutor's accurate comment that the defendant, as well as the prosecution, had subpoena powers. *See People v. Marioneaux*, 44 Colo.App. 213, 618 P.2d 678 (1980). Therefore, the trial court's denial of a mistrial was not error.

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.