The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Marke Eugene BOGLE,
Defendant-Appellant.

No. 86CA0330.

Colorado Court of Appeals,
Div. III.

May 21, 1987.

Rehearing Denied June 18, 1987.

Certiorari Denied (Bogle) Sept. 14, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN,* Judge.

Defendant, Marke Bogle, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree murder. We affirm.

 Defendant asserts that confusing and contradictory jury instructions on the

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

prosecution's burden of proof denied him due process of law. We find no error in the instructions.

The first instruction complained of is *COLJI-Crim.* No. 3:04 (1983) (burden of proof—reasonable doubt), which provides, in pertinent part:

"If you find ... that each and every element has been proved beyond a reasonable doubt, you will find the defendant guilty. If you find ... that the prosecution has failed to prove *any one or more* of the elements beyond a reasonable doubt you will find the defendant not guilty." (emphasis supplied)

The second instruction challenged is *COLJI-Crim.* No. 9:01 (1983), (first degree murder) which provides, in pertinent part:

"[I]f you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty.... [I]f you decide the prosecution has failed to prove *each* of the elements beyond a reasonable doubt, you should find the defendant not guilty...." (emphasis supplied)

Defendant did not object to the giving of the burden of proof instruction. He did object to the giving of the murder instruction on the ground that the evidence was insufficient, but stated: "[We] do not object to the form of the instruction." Nevertheless, defendant now contends the emphasized words are conflicting, and caused confusion in the minds of the jury. We see no basis for confusion. *See People v. Freeman*, 739 P.2d 856 (Colo.App.1987).

The propriety of any one instruction must be determined by considering all of the instructions as a whole. *People v. Freeman, supra; People v. Green*, 658 P.2d 281 (Colo.App.1982). Further, "Absent a contrary showing, it is presumed that the jury understood the instructions and heeded them." *People v. Jacobs*, 179 Colo. 182, 499 P.2d 615 (1972). Here, there is no showing that the instructions were not understood. Not only do we find no plain error, we find the argument to be specious.

■ Defendant next contends that the trial court erred in failing to make a timely and appropriate ruling on the limited admissibility of certain hearsay evidence. The record discloses that the defendant had several heated confrontations with the victim. In describing one of those incidents, a witness for the People testified that "[the defendant] was trying to get [the victim] to talk to him and she didn't want to." Defendant objected to the words "she didn't want to" as hearsay. The trial court ruled that the evidence was admissible and stated that the record relative to the objection would be supplemented at the next recess. During the recess an *in limine* hearing was conducted at which the court ruled that "even though it might technically have been hearsay and objectional, I think beyond any doubt ... if it was error at all, it's harmless error." The jury was not advised of this ruling.

We find no error in this ruling. The evidence was merely cumulative and had little, if any, effect on defendant's substantial rights. *See People v. McKnight*, 626 P.2d 678 (Colo.1981). Also, the trial judge is in a pre-eminent position to determine the potential effect of allegedly prejudicial evidence, and, absent an abuse of discretion, his judgment thereon will not be overturned. *People v. Jacobs, supra.* We find no abuse of discretion here.

■ Defendant next contends that the evidence was insufficient as a matter of law to support a conviction of first degree murder, because it was not established that the killing occurred after deliberation. We disagree.

"The critical inquiry ... is whether the evidence, when viewed in the light most favorable to the prosecution, is substantial and sufficient to permit a reasonable person to conclude beyond a reasonable doubt that the defendant intentionally caused the death of [the victim] and that the decision to kill was made after the exercise of reflection and judgment." *People v. Madson*, 638 P.2d 18 (Colo. 1981).

Here, the evidence meets these criteria.

The testimony revealed that defendant was jealous relative to the victim's relation-

ship with other men, that defendant frequently quarreled with the victim, and threatened to kill her. Also, defendant's actions on the night of the killing, both before and after it occurred, were sufficient to present the issue to the jury for its determination. *See People v. Madson, supra; see also Key v. People,* 715 P.2d 319 (Colo.1986).

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.