**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Alfred P. REAUD, Defendant–Appellant.**

**No. 89CA1574.**

Colorado Court of Appeals, Div. III.

July 5, 1991.

Rehearing Denied Aug. 1, 1991.

Certiorari Denied Dec. 23, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Angela D. Martinez, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Alfred P. Reaud, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of making a false report of explosives. We affirm.

### I.

■ Defendant first contends that the trial court abused its discretion by unduly restricting counsel's voir dire examination of the prospective jurors. While we agree that the restriction imposed was improper, we conclude that the record fails to disclose that defendant was prejudiced thereby.

Crim.P. 24(a) governs the voir dire examination of prospective jurors. One of the purposes for such examination is to enable counsel to engage in an "intelligent exercise of challenges for cause and *peremptory* challenges." Crim.P. 24(a)(1) (emphasis supplied). *See Zancannelli v. People*, 63 Colo. 252, 165 P. 612 (1917).

Thus, after the judge initiates voir dire by explaining various matters to the jury, the judge "shall then ask the prospective jurors any questions which he believes are pertinent to their qualifications to serve as jurors in the case on trial." Crim.P. 24(a)(2). *See People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974) (under previous form of Crim.P. 24(a), judge did not err in engaging in questioning of prospective jurors because such questioning was "relevant to their competence as jurors").

After such questioning by the court, however, "the parties or their counsel *shall* be permitted to ask the prospective jurors additional questions." Crim.P. 24(a)(2) (emphasis supplied).

Unlike the comparable federal rule, *see* Fed.R.Crim.P. 24(a), Crim.P. 24(a)(2) does not authorize the trial judge to require counsel to submit supplemental questions to the prospective jurors through the judge; rather, it expressly authorizes counsel to engage in a direct dialogue with that group of persons from whom the jury is to be chosen. However, if counsel's examination becomes "unduly repetitious, irrelevant, unreasonably lengthy, abusive, or otherwise improper, the court may limit or terminate such examination." Crim.P. 24(a)(2).

■ In recognition of the undue length of time consumed by some counsel in their voir dire examination and the possibility of abuse of the right granted by Crim.P. 24(a)(2), the trial court is vested with considerable discretion in limiting both the length of the questioning, *People v. Rodriguez*, 786 P.2d 472 (Colo.App.1989); *see People v. Heller*, 698 P.2d 1357 (Colo.App. 1984), and its nature. *See People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972) (under former rule); *People v. Rivers*, 727 P.2d 394 (Colo.App.1986).

Thus, a restriction upon voir dire examination by counsel will be considered to be reversible error only if the court abuses its discretion with a prejudicial result. *People v. Collins*, 730 P.2d 293 (Colo.1986); *People v. Rivers, supra.*

Here, before the questioning of the prospective jurors began, the trial court pro-

vided to counsel written "rules for jury selection." These rules, which do not appear to have the formalized status of local rules, *see* Crim.P. 57(a), instructed counsel that the court would conduct the "basic questioning," and if counsel had questions to be included, such questions should be submitted to the judge prior to trial.

These rules also instructed that, after the court completed its questioning, counsel would "be allowed" to question the prospective jurors, but that such voir dire could not include (a) inquiries on any subject matter covered by the court's questions, (b) questions about "interpretation of laws or the ability to understand or enforce any particular law" (which included, in criminal cases, "the presumption of innocence and burden of proof"), or (c) questions on interpretation of instructions or the "ability to follow instructions or possible instructions," and it could not consist of "conversation with the jurors conducted for the purpose of establishing rapport."

Defendant made a specific objection only to the restriction upon questioning the prospective jurors with respect to their ability to follow instructions. Hence, the propriety of the other restrictions are not at issue here. But, we agree that the particular restriction to which objection was made was improper.

We recognize that inquiring of a prospective juror as to his or her understanding of an instruction upon the law may generate later confusion among the jurors if such an instruction is not given. It is, therefore, a matter over which the trial court is entitled to exercise reasonable supervision in each case.

At the same time, however, a court must sustain a challenge for cause to any prospective juror who is unwilling or unable to accept the basic principles of law applicable to a criminal trial. *See People v. Russo*, 713 P.2d 356 (Colo.1986). And, in light of the provisions of Crim.P. 24(a)(2), we conclude that the imposition of a blanket prohibition upon all questions by counsel upon this subject, without any inquiry being made by the court as to the nature of the questions desired to be put, constitutes an abuse of discretion.

■ However, here, during the course of counsel's voir dire, the written rules provided by the court were, in many instances, observed more in their breach than in their enforcement. Hence, when several jurors evidenced some tendency to penalize defendant for remaining silent, counsel was allowed to inquire at some length respecting the approach necessary to be adopted by jurors in light of a defendant's presumption of innocence and the People's burden of proof. And, neither the trial court nor this court has been informed of any further questions upon this subject that counsel desired to ask the prospective jurors.

Hence, while we conclude that the trial court's initial blanket prohibition upon counsel's questioning was improper, we also conclude that prohibition did not work any ultimate prejudice upon defendant.

## II.

■ Defendant also contends that the court erred in admitting evidence respecting the reasons for his prior discharge by the company to which the telephone call of a bomb threat, which was the basis for the charge, was made. We discern no error.

Prior to trial the court ruled that evidence as to the reason for defendant's employment termination by the victim of the threat would be admitted as relevant to the issue of defendant's motive and intent. It ruled, however, that any such testimony would have to be based upon the personal knowledge of the witness, and such testimony could not consist merely of summarizing the entries in defendant's personnel records.

During the trial, the victim's personnel director testified that, during his employment, defendant, on several occasions, displayed outbursts of temper and that he was terminated because of such an episode directed toward the corporate victim's president. On cross-examination, this witness testified that she had personally witnessed several outbursts of defendant's temper, including the episode that led to his termination. She also said, however, that she had not personally witnessed other incidents.

Based on this latter concession by the witness, the court instructed the jury that, because the witness had testified to "certain matters that she knew only from the personnel record and not observed by her," such testimony was admitted "only to show her knowledge of the reason for discharge and not as proof that the behavior recorded in the personnel records occurred."

We agree with the trial court that evidence of defendant's discharge by the victim was relevant as tending to establish a motive for him to retaliate against the victim. CRE 401. And, this would be so whether or not the reason given by the victim for defendant's discharge was *true;* indeed, if false, the statement of such reason might furnish an even greater motive to retaliate. Hence, even if it could arguably be said that this was similar transaction evidence under CRE 404, it was admissible.

■ Further, because the witness testified that she saw the episode leading to defendant's discharge and sat in on his discharge interview, her testimony was competent to establish the fact of his discharge and of the reason given therefor.

■ The instruction given by the court was somewhat confusing in light of the witness' testimony of her own personal knowledge of defendant's discharge. Nevertheless, we conclude that no prejudicial error occurred.

There was competent evidence of the reason given for defendant's discharge, and to the extent that one or more similar episodes may not have been based upon the personal knowledge of the witness, we may properly assume that the jury followed the court's instruction not to consider such testimony as proof that defendant was actually guilty of the behavior described. *See People v. Jacobs,* 179 Colo. 182, 499 P.2d 615 (1972).

Judgment affirmed.

TURSI and PLANK, JJ., concur.