The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Eugene **GILBERT,** Defendant–Appellant.

No. 98CA2165.

Colorado Court of Appeals, Div. IV.

April 13, 2000.

Certiorari Denied Nov. 6, 2000.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Lindy Frolich, Special Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Eugene Gilbert, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree felony murder, aggravated robbery, robbery of an at-risk adult, conspiracy, and theft. We affirm.

The victim, a 72–year–old man, and a woman companion were traveling on a road east of Denver. When they reached a dead end in the road, they turned around, but were blocked by another car occupied by a woman, who was driving, and three men. The woman from the second car stepped out and approached the victim's car asking for directions. One of the men from the second car also stepped out and demanded money from the victim. Although the woman companion did not see the victim with a gun, some occupants of the second car testified that the victim pointed a gun out the window and fired some shots. The man from the second car moved to the rear of the victim's car, shot the victim, and then forced the victim's woman companion to lie down next to the car. Another man, later identified as defendant, took money and jewelry from the victim.

Workers in a public service truck saw the second car as it was leaving the area. Although they found the victim and the companion and called 911, the victim ultimately bled to death.

Defendant was later arrested, tried, and convicted.

## I.

Defendant contends that the trial court erred in not granting his challenges for cause to three jurors. We are not persuaded.

A defendant has the fundamental right to a fair trial by a panel of impartial jurors. However, a trial court has broad discretion in ruling on challenges for cause and its decision will not be reversed unless there is an abuse of discretion. A court abuses its discretion when it renders a decision that is manifestly arbitrary, unreasonable, or unfair. *People v. Luman*, 994 P.2d 432 (Colo.App.1999).

If the court is satisfied that the juror will be able to set aside any preconceived notion and render an impartial verdict according to the law and evidence admitted at trial, the juror should not be disqualified. *People v. Drake*, 748 P.2d 1237 (Colo.1988). In making this determination, the court may consider a juror's assurances that he or she can fairly and impartially serve on the case. *People v. Ferrero*, 874 P.2d 468 (Colo.App. 1993).

To determine whether the trial court abused its discretion in ruling on a challenge for cause, the entire voir dire of the prospec-

tive juror must be reviewed by the appellate court. *Carrillo v. People,* 974 P.2d 478 (Colo. 1999).

### A.

Defendant asserts that a potential juror, who was a victim's advocate volunteer for the Adams County Sheriff's Department, was a public employee under Crim. P. 24(b)(1)(XII), and should have been excused for cause. We disagree.

In pertinent part, § 16–10–103(1)(k), C.R.S.1999, provides that a court shall sustain a challenge for cause when "[t]he juror is a *compensated employee* of a public law enforcement agency or a public defender's office." (emphasis added). Crim. P. 24(b)(1)(XII), provides that a court shall sustain a challenge for cause for a juror who "is *an employee* of a public law enforcement agency or public defender's office." (emphasis added). Unlike the statute, the rule does not include the term "compensated."

■ To be considered an "employee of a public law enforcement agency" under the statute, a necessary condition is that the individual agrees to perform certain services or tasks and to accept direction and control from an authorized representative of the employer in consideration for compensation. *People v. Coleman,* 844 P.2d 1215 (Colo.App. 1992).

■ Here, the potential juror stated that she had been a victim's advocate for approximately six months and had received approximately 40 hours of training. Most of the cases she had been involved in were domestic violence cases and included going to the scene and talking to victims. She was on call three times a month, and during the six months she had been a volunteer, she had gone on approximately six calls. She indicated that she spent her time with victims and little time with police officers, who would introduce her to the victims. Once she left a crime scene, she did not hear of the case again.

Although defendant acknowledged that the juror was not a compensated employee of a public law enforcement agency pursuant to § 16–10–103(1)(k), he maintained that she

was an employee pursuant to Crim. P. 24(b)(1)(XII). Defense counsel argued that she was employed on a volunteer basis, had received training from law enforcement persons, was identified with victims, had been to the scene of alleged crimes, was on call at certain times, and had an association with the sheriff's department.

Initially, the trial court took the matter under advisement, but later ruled that it would not excuse her for cause. Defendant exercised a peremptory challenge to have the potential juror excused and later exhausted all his peremptory challenges.

We conclude that under the circumstances here, the volunteer was not an employee under the rule or under the statute. Thus, we need not decide whether compensation is required under the rule.

An "employee" has been defined as one who renders labor or services to another for salary or wages. *Colonial Insurance Company of California v. American Hardware Mutual Insurance Co.,* 969 P.2d 796 (Colo. App.1998); *see Black's Law Dictionary* 543 (7th ed.1999)(the term "employee" is normally used to describe a person who has been hired to work for another).

Conversely, the common definition of "volunteer" is a person who gives his or her services without any express or implied promise of remuneration. *Aspen Highlands Skiing Corp. v. Apostolou,* 866 P.2d 1384 (Colo.1994).

A volunteer can be considered an employee if a statute so provides. *See* § 8–40–202(1)(a)(I)(A), C.R.S.1999; § 24–10–103(4)(a), C.R.S.1999.; *People v. Veloz,* 946 P.2d 525 (Colo.App.1997). However, neither § 16–10–103(1)(k) nor Crim. P. 24(b)(1)(XII) addresses the status of a volunteer.

In the present case, the prospective juror does not meet the normal definition of an employee. She volunteers to serve on an on-call basis to work with victims. At the time of trial, she had been an advocate for a brief period, had been called only approximately six times, and had only a casual limited time commitment.

Her circumstances are in stark contrast to those of the potential juror whose challenge for cause under the statute was denied in *People v. Veloz, supra.* There, the potential juror worked approximately 30 hours per week as an unpaid reserve police officer on a volunteer basis and indicated she would be employed and compensated as a full-time police officer within a few weeks. She also related there was no difference between her and a regular police officer other than the fact she was not being paid. Yet, a division of this court upheld the denial of defendant's challenge for cause.

Accordingly, there is no basis for holding that the volunteer was an employee for purposes of Crim. P. 24(b)(1)(XII), and the court did not err in denying the challenge for cause.

We also reject defendant's contention that the victim's advocate volunteer could not be fair to the prosecution and the defense.

■ A challenge for cause must be sustained if there exists a state of mind in the juror evincing enmity or bias toward the defendant or the state. Section 16–10–103(1)(j), C.R.S.1999. Here, when the victim's advocate volunteer was asked if she could be fair, she replied, "I think I could be fair. I'm still pretty open minded. If it was a domestic violence case I might not; obviously, because my mother has been abused." The trial court was entitled to give considerable weight to these statements. *See People v. Ferrero, supra.*

Thus, we perceive no abuse of discretion.

### B.

■ Defendant also contends that the trial court erred in not granting his challenge for cause to a juror who had attended the Citizen's Academy of Commerce City, had family members who were alcoholics, and had a niece who was the victim of sexual abuse. We are not persuaded.

In this case, the record reveals the juror had participated in the citizen's academy conducted by a police department about eight to ten years prior to the trial. The juror testified that the citizen's academy existed to inform taxpayers about what police do.

When asked if she could be a fair juror and give defendant a fair trial, the juror responded, "It's not a sexual case?" After being informed it was not, she replied, "I don't see why I couldn't." When discussing the sexual assault involving her niece, the prospective juror stated that the incident had occurred close to 20 years ago, but became emotional.

Defendant challenged the juror for cause on grounds that she demonstrated a "victim's-type empathy," but not because of the prospective juror's association with the citizen's academy. The trial court denied the challenge, and defendant later exercised a peremptory challenge to have the prospective juror excused.

Although the record indicates that the prospective juror preferred not to sit on a sexual assault case, she indicated that she could be fair. Consequently, the trial court's decision to deny the challenge for cause was not manifestly arbitrary, unreasonable, or unfair. *See People v. Luman, supra.*

### C.

■ Defendant also challenged a prospective juror who had been the victim of a kidnapping and assault at the hands of her ex-husband. Defendant contends she possessed a very clear bias against a defendant in any criminal proceeding. We perceive no error.

Here, the prospective juror related that the incident had occurred 14 years ago; she was "very grateful to the jury in that trial [because] they found [her ex-husband] guilty"; she was a "move-on-with-your-life person"; her ex-husband had been killed about 10 years ago; and she did not feel like a victim anymore. The prospective juror also stated that the district attorney did a good job during her ex-husband's trial; that she would give the defendant a fair trial; that she "did not feel a little closer" to district attorneys than to defense attorneys; and that she had worked with a defense attorney.

Further, the record does not indicate that defendant used a peremptory challenge to remove the prospective juror. *See People v.*

*Prator*, 856 P.2d 837 (Colo.1993)(prejudice is shown if court's erroneous ruling on challenge for cause is followed by use of peremptory challenge).

Under these circumstances, the trial court did not err in denying defendant's challenge for cause.

## II.

Asserting that the only evidence of his participation in an alleged prior robbery of the victim was a bad identification by a witness, defendant contends that the trial court erred in allowing this unreported crime into evidence. We are not persuaded.

■ It is within the trial court's discretion to determine the sufficiency of a foundation for admitting evidence, and the trial court's ruling may not be disturbed upon review absent a clear abuse of discretion. *People in Interest of R.D.H.*, 944 P.2d 660 (Colo.App.1997).

Here, the prosecution at a pre-trial hearing advised that it intended to introduce evidence that a robbery had occurred at the victim's house about three weeks prior to the victim's murder and that the victim's roommate had picked defendant's picture out of a photographic lineup. The prosecution asserted that the evidence was relevant to defendant's motive and *modus operandi*. Defendant did not voice any objections to the admission of this evidence.

Prior to opening statements, the prosecution informed the court that defendant had tendered a limiting instruction about the *res gestae* evidence and that it had no objection to that instruction. Defendant, however, did not then assert any objections to the admission of the evidence. Before the witness testified about the prior robbery, the trial court read the limiting instruction to the jury.

## A.

We first reject defendant's contention that the prosecution did not meet the five-part analysis required under *People v. Montanez*, 944 P.2d 529 (Colo.App.1996), *rev'd on other grounds*, 966 P.2d 1035 (Colo.1998).

■ In light of defendant's failure to object to the admission of the evidence, we apply a plain error standard of review. Plain error is error which so undermines the fundamental fairness of the trial that it casts serious doubt on the reliability of the verdict. *Harris v. People*, 888 P.2d 259 (Colo.1995); *see Gimmy v. People*, 645 P.2d 262 (Colo. 1982).

■ At trial, the victim's roommate testified that she was home when a black man came to the door and asked for the victim. The man entered, pulled out a gun, and said "break yourself." The roommate went to the ground and three other black men entered. Both the victim and the roommate were tied with tape. After robbing the victim, the men left. Although the roommate testified she did not get a really good look at the men, she did select the picture of someone that she thought looked like one of the robbers. When asked if she saw anyone in the courtroom that looked like one of the robbers, the roommate responded, "Well, I assume it's him over there, yes."

Defense counsel did not object to this testimony. The prosecutor then moved for admission of the photo line-up and the witness' admonition form.

Defense counsel conducted a voir dire examination during which he asked the roommate if she "picked out this particular fella because he looked like he was a big guy like the fella you saw at your house?" The witness responded in the affirmative. Defense counsel then stated that he had no objection to the admission of the photo line-up and admonition form.

The record thus indicates defendant did not object to the admission of the evidence or request any form of analysis. The roommate was present during the robbery and saw the men, the gun, and these men taking money from the victim. Therefore, she had an opportunity to view the defendant at the time of the crime and manifested a significant degree of attention.

Under these circumstances, we find no plain error.

## B.

We also reject defendant's contentions that the totality of the circumstances of the photographic lineup shows that the identification was clearly suggestive and that the court's limiting instruction was inadequate in violation of his right to due process and a fair trial.

Defendant does not indicate how the photo lineup was impermissibly suggestive. Thus, we have no basis for review. *See People v. Diefenderfer*, 784 P.2d 741 (Colo.1989)(it is the duty of counsel to inform the court both as to specific errors relied upon and as to the grounds, supporting facts, and authorities for them).

## C.

Defendant contends for the first time in his reply brief that the prior robbery evidence was unreliable and that the trial court erred in admitting the evidence as *res gestae*. Although the defendant tendered a limiting instruction that was claimed to be "about the *res gestae*," there is no indication in the record that the evidence was admitted on that basis.

■ As to reliability, it is the jury's function to assess the credibility of witnesses and the weight of the evidence with a view to determining whether the guilt of the defendant has been established beyond a reasonable doubt. *Lybarger v. People*, 807 P.2d 570 (Colo.1991).

Thus, we perceive no error, much less plain error, in the admission of the prior crime evidence.

## III.

Defendant next contends that the trial court erred in allowing the prosecution to introduce testimonial evidence of a co-defendant and an associate without the proper limiting instruction that these individuals had a self interest in delivering information about him and that no physical evidence connected defendant to the crime. We are not persuaded.

■ Whether additional written jury instructions may be given which properly state the law and fairly and adequately cover issues presented is a matter committed to the sound discretion of the trial court. *People v. Loggins*, 981 P.2d 630 (Colo.App.1998).

■ Here, the woman who had been driving the second car provided testimony regarding the first robbery and other prior bad acts. Before she testified, the trial court instructed the jury that it was admitting the evidence only for the purpose of showing the context in which the later alleged acts may have taken place.

Prior to her testimony, defendant tendered the following limiting instruction:

> You should carefully consider all of the testimony given and the circumstances under which each witness has testified or will testify.
>
> You are about to hear the testimony of the witness [name]. [The witness'] testimony has been induced by promises of leniency. The District Attorney's Office has entered into an agreement with [the witness] and has allowed her to plea to a lesser charge of aggravated robbery. The law allows such agreements.
>
> However, the existence of this agreement may be used by you when you consider this witness' knowledge, motive and state of mind. You should consider all facts and circumstances shown by the evidence which [a]ffects the credibility of the witness' testimony.
>
> You may believe all of the testimony of a witness, or part of it, or none of it.

The court refused the instruction, stating it was not persuaded that *United States v. Kimble*, 719 F.2d 1253 (5th Cir.1983), which defendant cited in support of the instruction, was binding on the court.

■ The other witness was an associate of the occupants of the second car. Defendant did not request that a similar limiting instruction be given to the jury before this witness testified. The failure to give a limiting instruction when one is not requested does not constitute reversible error. *People v. Ned*, 923 P.2d 271 (Colo.App.1996). Further, the court did instruct the jury of the purpose for which the evidence was admitted.

Defendant contends that the jury should have been fully informed by the court in a limiting instruction of all the details of the agreements that were made in connection with the testimony that was given. We conclude that the court did not err in declining to give defendant's tendered limiting instruction.

 If a jury is fully informed as to the original charge brought against a prosecution witness as well as the charge to which the witness later pleaded guilty in exchange for his or her testimony, the jury has been provided with adequate facts from which it can appropriately draw inferences related to bias and motive. *People v. Montoya*, 942 P.2d 1287 (Colo.App.1996).

In the present case, defendant has failed to cite any Colorado authority supporting his position that he was entitled to the tendered limiting instruction. Further, defendant extensively cross-examined the co-defendant regarding her plea. She testified that she was charged with felony murder, but pleaded to the reduced charge of aggravated robbery and received a lower sentence. In addition, a copy of her plea agreement was admitted into evidence. Similarly, the other witness testified on cross-examination that she had not been charged with murder or robbery and that she had received money from the robbery.

The court also submitted the defendant's theory of the case instruction which, in part, provided that he had:

> [d]emonstrated that witnesses appearing for the prosecution received beneficial treatment in the form of reduced charges and sentences. In fact one witness was not charged with any crime although she admitted participation in the planning and cover-up of the robbery and felony murder. Such benefits have influenced the testimony of the witnesses.

> It is the defendant's position that there is no physical evidence which connects him to this crime. There is evidence which suggests an alternate suspect.

Consequently, the jury was adequately informed about the motive and bias of these witnesses in providing testimony, and the court did not abuse its discretion by refusing defendant's proposed instruction.

IV.

We also reject defendant's contention that the trial court erred in not allowing him to impeach the credibility of the woman driver of the second car and another witness with their misdemeanor convictions for providing false information to the police.

 As a general rule, evidence of a prior misdemeanor is inadmissible for impeachment purposes. However, CRE 608(b) permits a court, in its discretion, to admit evidence of specific instances of conduct on cross-examination if it is probative of truthfulness or untruthfulness. *People v. Jones*, 971 P.2d 243 (Colo.App.1998). Evidence of a prior specific occasion of giving false statements to law enforcement officers has been allowed for impeachment purposes. *See People v. Gillis*, 883 P.2d 554 (Colo.App.1994).

 Here, defendant's pre-trial request to cross-examine the woman driver and the witness about their misdemeanor convictions at trial was rejected. However, defendant was able to establish through cross-examination that the woman driver had entered into a plea agreement, that she had lied to her probation officer about her role in the robbery, that she had provided inconsistent statements to the police, and that she had not told them the complete truth regarding the robbery.

Similarly, before the other witness testified, defendant sought to impeach her credibility with the same misdemeanor conviction, but the court denied his request. However, on cross-examination by defendant, the witness admitted that, in an unrelated incident, she had used a false name and had lied to the police to stay out of jail. She also testified that when she was interviewed about the present case, she lied to the police during her first interview. The witness also testified that she had participated in an attempted

murder in 1992 and an attempted armed robbery in 1993.

 Consequently, because the defendant had ample opportunity to attack the credibility of both the woman driver and the witness, the error, if any, in denying defendant's request was harmless. *See People v. Carrillo,* 946 P.2d 544 (Colo.App.1997)(denial of request for transcripts of plea agreement of witnesses deemed harmless when witnesses admitted on examination that their plea agreements were entered in exchange for reduced sentences), *aff'd on other grounds,* 974 P.2d 478 (Colo.1999).

### V.

 Finally, we are not persuaded by defendant's contention that the trial court erred in allowing the prosecution to present a self-defense instruction to the jury when the instruction was not relevant and self defense was not raised by defendant.

 The trial court has the duty to instruct the jury properly on all matters of law. An instruction on self-defense is warranted if there is some evidence to support it. However, the court should not instruct on an abstract principle of law unrelated to issues in controversy. *People v. Silva,* 987 P.2d 909 (Colo.App.1999).

Here, defendant requested affirmative defense instructions, but the requests were denied. Defendant objected to an instruction submitted by the prosecution which provided that self-defense was not available as an affirmative defense to the charge of felony murder, arguing that it was not applicable and would add confusion.

The court, however, ruled that the jury might believe that the defendant had the right to utilize self-defense because there was evidence that before the occupant of the second car fired his weapon at the victim, the victim had pointed a weapon at the car defendant was occupying.

Thus, providing the jury with this instruction was not an abuse of discretion. *See*

*People v. Renaud,* 942 P.2d 1253 (Colo.App. 1996).

Accordingly, the judgment is affirmed.

Judge ROY and Judge VOGT concur.