22CA1978 Peo v Campos 02-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1978
Arapahoe County District Court No. 21CR1380
Honorable Eric B. White, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose Gonzalez Campos,

Defendant-Appellant.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE LUM
Fox and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

Philip J. Weiser, Attorney General, Lisa Michaels, Senior Assistant Attorney General, Sue Kim, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Dilyn K. Myers, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Jose Gonzalez Campos, appeals the judgment of conviction entered on a jury verdict finding him guilty of driving while ability impaired — fourth or subsequent offense (felony DWAI) and a taillight violation.  We affirm in part and reverse in part.

## I.     Background

¶ 2     On the night of June 18, 2021, Campos was pulled over by Deputy Brady Wood for driving with his vehicle's rear taillights off. While interacting with Campos, Deputy Wood noticed that Campos smelled of alcohol.  Campos admitted to Deputy Wood that he had been driving home from a bar and had consumed more than one beer that night.

¶ 3     Throughout his encounter with Deputy Wood, Campos showed signs of intoxication, including swaying while upright, glassy and watery eyes, and slurred speech.  He struggled to produce identification and vehicle documents when Deputy Wood requested them and had difficulty recalling his own phone number.  After Campos refused to take any sobriety tests, he was arrested.

¶ 4     Campos was charged with driving under the influence — fourth or subsequent offense (felony DUI), failure to present a law enforcement officer with proof of vehicle insurance, and a taillight

1

violation. After trial, a jury found Campos guilty of felony DWAI (a lesser included offense of felony DUI) and a taillight violation.[1] Campos was sentenced to three years of probation and ninety days in jail.

## II.    Sufficiency of the Evidence

¶ 5    Campos argues that there was insufficient evidence to convict him of felony DWAI because the prosecution failed to prove his prior convictions. We agree.

### A.    Additional Facts

¶ 6    At trial, the prosecution presented conviction records allegedly showing that Campos had previously been convicted of three DUI offenses. The records each contained the offender's name and birth date, and one of them showed identifying characteristics, such as height, weight, and eye color.

¶ 7    Deputy Wood testified about the documentary evidence of the prior DUI convictions:

> Q. Deputy Wood, when you were interacting
> with the defendant during the initial contact,
> did you view the defendant's driver's license?

---

[1] The charge relating to proof of insurance was eventually dismissed.

A. I did.

Q. Were you aware of the defendant's full name?

A. I was.

Q. Were you aware of the defendant's date of birth?

A. I was.

Q. When you're looking at the documents in front of you . . . do those documents have the defendant's full name on them?

A. Yes, they do.

Q. Does it also have the defendant's date of birth?

A. Yes, they do.

Q. During your interaction with the defendant, did you also review the defendant's criminal history?

A. I did.

Q. Based on your interaction with the defendant, as well as your review of the documents in front of you, are you aware of whether or not the defendant has three prior convictions for driving under the influence or driving while ability impaired?

A. Yes, I am.

¶ 8    Defense counsel moved for a judgment of acquittal with respect to felony DWAI, arguing that a name and birth date match

3

was insufficient to prove prior convictions.  Defense counsel added that Deputy Wood lacked personal knowledge of Campos's alleged prior convictions:

> [The prosecution] asserted that Deputy Wood's knowledge of these convictions came from the certified convictions in front of [the court], not that he has any additional knowledge.  While Deputy Wood stated he reviewed Mr. Campos' criminal history, he did not testify that in that review he discovered these three DUI convictions.

The court concluded that the records provided "more than a modicum of relevant evidence" from which the jury could draw reasonable inferences that Campos had three prior convictions, and it denied the motion.

### B.    Standard of Review

¶ 9      We review the sufficiency of the evidence de novo.  *McCoy v. People*, 2019 CO 44, ¶ 63.  We examine the evidence as a whole to determine whether the evidence is substantial and sufficient for a reasonable mind to find the essential elements of the crime beyond a reasonable doubt.  *Id.*

¶ 10     "This analysis requires us to 'give the prosecution the benefit of every reasonable inference which might be fairly drawn from the

evidence.'" *People v. Perez*, 2016 CO 12, ¶ 25 (quoting *People v. Gonzales*, 666 P.2d 123, 128 (Colo. 1983)). However, "there must be a logical and convincing connection between the facts established and the conclusion inferred." *Clark v. People*, 232 P.3d 1287, 1292 (Colo. 2010). "If the evidence is such that reasonable jurors must necessarily have a reasonable doubt, then the evidence is insufficient to sustain the defendant's conviction." *Id.*

### C.    Applicable Law

¶ 11    As relevant here, a conviction for DWAI is a felony "if the violation occurred after three or more prior convictions . . . for DUI, DUI per se, or DWAI." § 42-4-1301(1)(a), C.R.S. 2024. Because prior convictions are an element of a felony DWAI, a prosecutor must prove those prior convictions to a jury beyond a reasonable doubt. *People v. Herold*, 2024 COA 53, ¶ 19.

¶ 12    To prove the identity of the defendant in prior conviction records, "the prosecution must establish an essential link between the prior conviction and the defendant, and this requires the prosecution to present some documentary evidence combined with specific corroborating evidence of identification." *Gorostieta v. People*, 2022 CO 41, ¶26. "[T]he mere fact that the defendants in

the present and prior cases have the same name and date of birth, *without more,* will generally be insufficient." *Id.* at ¶ 28; *see also Herold,* ¶ 18 (applying *Gorostieta* to a felony DUI conviction). Specific corroborating evidence includes but is not limited to

> (1) evidence specifically identifying the defendant; (2) unique identifiers such as a driver license, prison identification number, or social security number; (3) photographs or fingerprints from the prior case that link that case to the current defendant; (4) a physical description from the prior case that can be compared to the defendant in the present case; (5) distinguishable features of the defendant such as tattoos; or (6) testimony of probation officers or others with personal knowledge positively identifying the defendant as being the same person who had previously been convicted.

*Gorostieta,* ¶ 27.

### D.    Analysis

¶ 13    We agree with Campos that the evidence was insufficient to establish that he had three prior alcohol-related convictions beyond a reasonable doubt.  Other than providing the offender's name and birth date, two of the three prior conviction records don't have any "unique identifiers" or any other information that could be used to link Campos to the convictions.  *Id.*  Thus, the records alone are

insufficient. *See id.* at ¶ 26. That one of the three records contained a physical description doesn't matter; the prosecution needed to prove all three convictions beyond a reasonable doubt to convict Campos of felony DWAI. *See* § 42-4-1301(1)(a).

¶ 14 We reject the People's contention that Deputy Wood established the necessary link because his testimony didn't demonstrate that he had "personal knowledge positively identifying the defendant as being the same person who had previously been convicted." *Gorostieta*, ¶ 27. During the first part of the questioning, Deputy Wood simply compared Campos's name and birth date to the conviction records that had been admitted into evidence. Then, the prosecutor asked Deputy Wood, "are you *aware of whether or not* the defendant has three prior convictions for [DUI] or [DWAI]?." (Emphasis added.) Deputy Wood responded, "Yes I am." While that answer communicates that Deputy Wood believed he knew "whether *or not*" Campos had previously been convicted of DUI or DWAI, it doesn't demonstrate that Campos actually had three prior convictions for those crimes. The prosecution didn't ask any additional questions that might have clarified what Deputy Wood knew about Campos's conviction

7

history or the source of his knowledge (and whether it was based on anything other than the records already admitted into evidence). Accordingly, the evidence presented at trial was insufficient to link Campos to the prior convictions. *See id.* at ¶ 26. As a result, Campos cannot be retried for the felony DWAI conviction. *See People v. Lybarger*, 700 P.2d 910, 916 (Colo. 1985).

¶ 15 The parties agree, as do we, that the appropriate remedy is to reverse Campos's felony DWAI conviction and remand for entry of a judgment of conviction for misdemeanor DWAI. *See Herold*, ¶ 27.

## III. Juror Challenge

¶ 16 Campos contends that the court erred when it denied his challenge for cause to Juror R and his request for additional time for voir dire. We disagree.

### A. Additional Facts

¶ 17 At the beginning of trial, the court informed the parties that they each had thirty minutes for voir dire and that additional time would not be granted. During voir dire, the prosecution asked the prospective jurors if they had any past DUI-related experiences that might affect their ability to judge the case. Defense counsel followed up with jurors who had raised their hands in response to

the prosecutor's question, including Juror R. Juror R told defense counsel, "I did have a DUI. And so it would not prevent me from listening to the case, I don't think. And I don't know that it would make it more or less difficult for me." Defense counsel further questioned Juror R:

> DEFENSE COUNSEL: Right. And do you think your personal experiences are going to mean that, even if the district attorney meets that beyond a reasonable doubt standard, you're not going find [sic] a guilty verdict?
>
> JUROR R: No, I quit drinking after that DUI. So —
>
> DEFENSE COUNSEL: Okay.
>
> JUROR R: So kind of overall positive for me.
>
> DEFENSE COUNSEL: Okay. And do you think, essentially, will you hold [the prosecutor] to a lesser standard, that even if he doesn't meet that beyond a reasonable doubt threshold, you know, it's almost there but you do have some reasonable doubt, do you think you still might render a guilty verdict.
>
> JUROR R: No, I don't think so. I would like to think that I would be able to separate out my, you know, biases, you know, whatever they may be —
>
> DEFENSE COUNSEL: Okay.
>
> JUROR R: — and just listen to the facts.

9

>. . .

>DEFENSE COUNSEL: So similar to what I asked [Juror S], you don't think it will impact your decision-making . . . . [C]an you be sure it's not going to affect how you hold the district attorney to their burden of proof?

>JUROR R: I think so, yeah.

>DEFENSE COUNSEL: Okay. Thank you.

>JUROR R: That's the short answer.

¶ 18 Defense counsel then asked the prospective jurors, by a show of hands, whether evidence of a defendant's prior convictions increased the likelihood of guilt in the present case:

>You all did hear that there are allegations that there are past DUI convictions. . . . [I]f you hear evidence in this case that . . . there are past DUI convictions, does . . . that make it more likely that Mr. Campos would be guilty of this DUI?

Juror R was among the eleven prospective jurors who raised their hands. After questioning one juror about why they raised their hand, defense counsel then explained, "[E]ven though . . . you might hear evidence of past convictions of driving under the influence, you actually can't use that as evidence that it's more likely Mr. Campos is driving under the influence in this case. . . .

Does anyone have trouble with that rule?" Five jurors raised their hands in response to that question, but Juror R did not.

¶ 19 Time ran out before defense counsel could question Juror R individually regarding his views on prior convictions. Defense counsel moved to exclude Juror R because he agreed with the statement, "[I]f someone has past DUI convictions, it means they're more likely to be guilty now." The court denied the challenge, concluding,

> I think [Juror R] is particularly balanced in light of his statement that he had received a DUI, that he made some decisions regarding not drinking and how important that was. So I think that actually reflects a great deal of balance in his ability to be fair. I don't think he crossed the threshold for not being entrenched in a particular position.

¶ 20 Defense counsel then requested additional time to question the jurors who had earlier raised their hands "to really reveal whether or not they are biased." The court denied the request. Juror R served on the jury.

## B. Standard of Review

¶ 21 A trial court's denial of a juror challenge for cause and restrictions on voir dire are reviewed for an abuse of discretion.

*People v. Oliver*, 2020 COA 97, ¶ 7; *People v. Reaud*, 821 P.2d 870, 871 (Colo. App. 1991). A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Stewart*, 55 P.3d 107, 122 (Colo. 2002). To determine whether an abuse of discretion occurred, we review the entire voir dire of the prospective juror in question. *Carrillo v. People*, 974 P.2d 478, 486 (Colo. 1999).

¶ 22 "The abuse of discretion standard gives deference to the trial court's credibility assessments, recognizing that court's unique perspective in evaluating the demeanor and body language of live witnesses, and it serves to discourage an appellate court from second-guessing the trial court's assessments based on a cold record." *People v. Conyac*, 2014 COA 8M, ¶ 13.

¶ 23 Allowing a biased or incompetent individual to serve on a jury violates the defendant's right to an impartial jury and requires reversal. *People v. Marciano*, 2014 COA 92M-2, ¶ 10.

### C. Applicable Law

¶ 24 The United States and Colorado Constitutions guarantee criminal defendants the right to a trial by an impartial jury. U.S.

12

Const. amends. VI, XIV; Colo. Const. art. II, § 16.  A trial court

must sustain a challenge for cause if it finds

> a state of mind in the juror evincing enmity or
> bias toward the defendant or the state;
> however, no person summoned as a juror shall
> be disqualified by reason of a previously
> formed or expressed opinion with reference to
> the guilt or innocence of the accused, if the
> court is satisfied, from the examination of the
> juror or from other evidence, that he will
> render an impartial verdict according to the
> law and the evidence submitted to the jury at
> the trial.

§ 16-10-103(1)(j), C.R.S. 2024.

¶ 25    "[W]here a potential juror's statements compel the inference

that he or she cannot decide crucial issues fairly, a challenge for

cause must be granted in the absence of rehabilitative questioning

or other counter-balancing information."  *People v. Maestas*, 2014

COA 139M, ¶ 18 (quotation omitted).  However, a prospective juror's

"expression of concern," "preconceived belief as to some facet of the

case," or misunderstanding of the law is not automatically

disqualifying.  *People v. Drake*, 748 P.2d 1237, 1243 (Colo. 1988);

*People v. Clemens*, 2017 CO 89, ¶ 17.  If the prospective juror is

willing to apply the law as instructed after the trial judge explains

13

the correct legal principles during voir dire, the prospective juror is rehabilitated and may serve. *People v. Lopez*, 2018 COA 119, ¶ 8.

¶ 26    To determine whether a juror has been rehabilitated, the court may consider the juror's own statements that they can serve impartially on the case. *People v. Gilbert*, 12 P.3d 331, 334 (Colo. App. 2000). Additionally, a juror's silence in response to questions posed to the venire may indicate rehabilitation when the context shows that the juror will render an impartial verdict in accordance with the law and evidence presented at trial. *Clemens*, ¶¶ 12, 19.

### D.    Analysis

¶ 27    Campos contends that the trial court erred by failing to excuse Juror R because he agreed that a prior DUI conviction makes the defendant more likely to be guilty in a present DUI case. We disagree.

¶ 28    Though Juror R had prior experiences with DUI and indicated that he viewed his conviction as a "positive" because it motivated him to become sober, nothing about his initial responses to questioning evinced any unwillingness or "hesitation to follow [the law]" or indicated that he could not evaluate the case fairly. *Clemens*, ¶ 23. In fact, Juror R made assurances to the contrary,

14

saying, "I would like to think that I would be able to separate out my . . . biases . . . and just listen to the facts." And he twice answered affirmatively when asked if he was sure that his prior experiences would not interfere with his ability to hold the prosecution to its burden of proof. *See Gilbert*, 12 P.3d at 334 (the court may consider a juror's assurances that they can serve impartially). To the extent Campos contends that Juror R's initial statements were too equivocal for the court to consider them assurances of impartiality, we disagree. *See Carrillo*, 974 P.2d at 487 ("[T]he trial judge is . . . 'able to assess fully the attitudes and state of mind of a potential juror by personal observation of the significance of what linguistically may appear to be . . . self-contradictory responses to difficult questions.'" (quoting *People v. Sandoval*, 733 P.2d 319, 321 (Colo. 1987))).

¶ 29    We agree that Juror R indicated a bias (or perhaps a misunderstanding of the law) when he raised his hand in response to defense counsel's question about prior convictions. However, Juror R was rehabilitated when he heard defense counsel explain the rule that past DUI offenses cannot be used to determine Campos's guilt and then was silent in response to defense counsel's

15

question asking whether any juror had "trouble with" that rule. Juror R's silence indicated that he understood the rule and would follow it, and it was consistent with his earlier statements that he would set biases aside, consider the facts, and require proof of guilt beyond a reasonable doubt. Moreover, Juror R had previously been forthcoming when counsel asked the venire about DUI-related experiences and biases, indicating that his silence was not attributable to a fear of speaking up or general lack of participation. *See Clemens*, ¶ 2 (a "juror has been rehabilitated when, in light of the totality of the circumstances, the context of that silence indicates that the juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial"). Though the trial court did not rely on Juror R's rehabilitation-by-silence in denying the challenge for cause, we may affirm for any reason supported by the record. *See People v. Heisler*, 2017 COA 58, ¶ 44.

¶ 30     We reject Campos's assertion that Juror R's silence wasn't rehabilitative because defense counsel (rather than the court) explained the rule and conducted the questioning. Rehabilitation need not be conducted by the court; defense counsel's legal

explanation and rehabilitative questioning regarding the prior conviction rule was sufficient to rehabilitate Juror R in this case. *Cf. Clemens*, ¶ 24 (rehabilitative questioning conducted by the court and defense counsel).

¶ 31 Finally, to the extent Campos contends that the court abused its discretion by not providing additional time to question Juror R, we disagree. "The right to an impartial jury does not . . . require that counsel be granted unlimited voir dire examination." *People v. O'Neill*, 803 P.2d 164, 169 (Colo. 1990). "In recognition of the undue length of time consumed by some counsel in their voir dire examination and the possibility of abuse of the right granted by Crim. P. 24(a)(2), the trial court is vested with considerable discretion in limiting both the length of the questioning, and its nature." *Reaud*, 821 P.2d at 871.

¶ 32 We don't perceive the court's time limit as an abuse of discretion in this case. On multiple occasions at the beginning of trial, the court informed the parties that voir dire examination would be restricted to thirty minutes per side. Moreover, the length of the voir dire gave defense counsel sufficient time to identify Juror R's potential biases or misunderstandings, obtain assurances from

Juror R that his past experiences wouldn't affect his ability to fairly decide the case, and — as described above — conduct adequate rehabilitative questioning about Juror R's views of prior convictions. *See People v. Rodriguez,* 786 P.2d 472, 474 (Colo. App. 1989) (time restriction on voir dire was reasonable and did not "impinge upon defendant's intelligent exercise of [juror] challenges" where counsel had "sufficient opportunity to examine the prospective jurors in a manner that would reveal any improper bias").

## IV. Disposition

¶ 33　Campos's felony DWAI conviction is reversed, and the case is remanded to the district court for entry of conviction for misdemeanor DWAI and resentencing. The taillight conviction is unaffected by this appeal and remains undisturbed.

JUDGE FOX and JUDGE GOMEZ concur.